

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00140-CV

RAY WINN, APPELLANT

V.

SALLY LAWSON, APPELLEE

On Appeal from the County Court at Law No. 1
Bell County, Texas
Trial Court No. 74271, Honorable Jeanne Parker, Presiding

May 18, 2021

## ORDER OF REINSTATEMENT AND DISMISSAL

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Ray Winn, proceeding pro se, appeals from a take-nothing judgment entered in favor of Sally Lawson, appellee. After once having abated the matter for an incomplete appellate record, we abated the appeal again on January 4, 2016, after receiving notice that Lawson was in bankruptcy. *See* TEX. R. APP. P. 8.1, 8.2. Then, we received notice that Lawson had filed a second bankruptcy proceeding and entered an order dated July 11, 2018, suspending the appeal until further order of this Court. So too were the parties directed to "take such action that is appropriate to advise the clerk of this

court of any change in the status of appellant's bankruptcy proceeding which would affect the status of this appeal, including but not limited to the filing of a Motion to Reinstate." We received no further communication regarding Lawson's bankruptcy from the parties.

However, in April of 2021, pursuant to an inquiry, the Clerk of this Court received notice from the bankruptcy court that it had "closed" Lawson's bankruptcy case. Accordingly, we ordered both parties, via letter dated April 21, 2021, to "file with the clerk of this court a written statement explaining the status of the bankruptcy proceeding." Furthermore, the statement was ordered to be filed on or before May 3, 2021. We, further, advised the parties that "[f]ailure to comply with this order by that date will result in the dismissal of the appeal pursuant to Texas Appellate Rules 42.3(b) (for want of prosecution) and (c) (failing to comply with a court order)." To date no response from either party has been received to the Court's missive.[1]

Therefore, we reinstate the appeal for the purpose of dismissal and dismiss the appeal for want of prosecution and for failing to comply with an order of this Court. TEX. R. APP. P. 42.3(b), (c).[2]

It is so ordered.

Per Curiam

---

[1] The Clerk of this Court sent the April 21 letter to appellant at his last know address. The letter was returned to the clerk undelivered. Appellant has not provided the Court with any other mailing address. TEX. R. APP. P. 9.1(b) (requiring unrepresented parties to provide appellate courts with their mailing address, telephone number, and . . . email address); *Elkins v. Huntsville Hous. Auth.*, No. 07-19-00348-CV, Tex. App. LEXIS 2826, at *1 n.2, (Tex. App.—Amarillo Apr. 2, 2020, no pet.) (per curiam) (mem. op.).

[2] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.